**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARRAN R., | : |
| Petitioner, | : Civil Action No. 19-16070 (ES) |
| v. | : OPINION |
| WILLIAM P. BARR, et al., | : |
| Respondents. | : |

**SALAS, DISTRICT JUDGE**

At the time of filing, Petitioner Charran R. ("Petitioner") was detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Bergen County Jail in Hackensack, New Jersey. On July 30, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his prolonged detention during his removal proceedings. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will grant the Petition.

**I. BACKGROUND**

Petitioner is a native and citizen of Guyana who was admitted to the United States on February 21, 1987, as a lawful permanent resident. (D.E. No. 7 ("Answer"), Ex. A ("Notice to Appear" OR "NTA") at 3). On May 27, 2010, Petitioner was convicted of grand larceny in the fourth degree and insurance fraud in the third degree in the State of New York. (*Id.*). ICE took custody of Petitioner on April 10, 2018. (Answer, Ex. B, Notice of Custody Determination). On the same day, he was served with an NTA charging him with removability pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (*See* Notice to Appear). On July 26,

2018, Petitioner appeared with counsel for a master calendar hearing and bond hearing. (Answer, Declaration of Elizabeth Burgus ("Burgus Decl.") ¶ 3). Both hearings were adjourned to August 24, 2018, to allow Petitioner time to prepare. (*Id.*). On August 24, 2018, Petitioner filed a motion to terminate his proceedings, and his proceedings were adjourned to September 21, 2018. (*Id.* ¶ 4). On September 20, 2018, the immigration judge ("IJ") denied Petitioner's motion to terminate, found no jurisdiction over Petitioner's request for bond, and ordered him removed. (Answer, Ex. C, September 20, 2018 IJ Decision). On October 9, 2018, Petitioner appealed the decision of the IJ to the Board of Immigration Appeals ("BIA"). (Burgus Decl. ¶ 6). On March 4, 2019, the BIA issued a decision dismissing Petitioner's appeal and affirming the decision of the IJ. (Answer, Ex. D, March 4, 2019 BIA Decision). On April 1, 2019, Petitioner filed a petition for review of the BIA's decision with the Second Circuit. (*Rampersaud v. Barr*, Civil Action No. 19-825 (2d Cir. 2019)). On May 30, 2019, Petitioner filed a motion for a bond hearing pursuant to *Guerrero-Sanchez v. Warden, York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018). (Answer, Ex. E, Motion for Bond Hearing). On June 7, 2019, Petitioner appeared with counsel for a bond hearing, and the IJ denied bond on the basis that Petitioner was not yet eligible for a *Guerrero-Sanchez* bond hearing, and the request was premature. (Answer, Ex. F. June 7, 2019 IJ Bond Order). On July 18, 2019, the Second Circuit granted Petitioner's motion for a stay of removal. (*Rampersaud v. Barr*, Civil Action No. 19-825 (2d Cir. 2019)). On September 11, 2019, Petitioner appeared at a bond hearing, and the IJ took no action on the bond request. (Burgus Decl. ¶ 8).

On July 30, 2019, shortly after the Second Circuit granted a stay in Petitioner's immigration case, Petitioner filed the instant habeas petition. (D.E. No. 1). In the Petition, Petitioner argues that his mandatory detention under § 1226(c) is unconstitutional and violates his due process rights. (Petition ¶¶ 14-21).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (i) the petitioner is "in custody," and (ii) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (i) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); and (ii) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

### B. Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the

> United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on-
>>
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>>
>>> (B) conditional parole; . . .

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Here, both parties agree that Petitioner is detained pursuant to § 1226(c) because the Second Circuit has entered a stay of his removal. *See Leslie v. Attorney Gen.*, 678 F.3d 265, 270 (3d Cir. 2012).

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court determined that § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that, in most cases, detention under the statute lasted only a month and a half, and that even in cases where an appeal was taken to the BIA, detention pursuant to § 1226(c) lasted an average of four months, indicating

that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*, detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

The Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c) in *Diop*. 656 F.3d at 223–26. The Third Circuit held that "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized that *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the petitioner's detention had been "significantly longer than the average." *Diop*, 656 F.3d at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit thus interpreted § 1226(c) to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry," *id.* at 233—the statute "yields to the constitutional requirement that there be a further, individualized inquiry into whether continued detention is necessary to carry out the statute's purpose," *id.* at 235.

In *Chavez–Alvarez*, the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. 783 F.3d at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the

5

six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. As in *Diop*, the Third Circuit again emphasized the "use of a balancing framework [that] makes any determination on reasonableness highly fact-specific." *Id.* at 474.

In *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the Supreme Court reversed the Ninth Circuit's holding that 1226(c) did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge after six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726, at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F.Supp.3d 496, 501 (D.N.J. 2018) (finding that as-applied challenges remain viable post-*Jennings*).

In sum, *Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of

6

reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiries it performed in *Diop* and *Chavez-Alvarez* are inappropriate in the context of § 1226(a)). Courts in this district have found that "the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*." *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) ("Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause") (internal citations and quotation marks omitted).

Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal).

Here, Petitioner has been detained for approximately 21 months and argues that his continued detention under § 1226(c) without a bond hearing violates his due process rights. Respondents acknowledge that Petitioner may still make an as-applied challenge to his prolonged detention, but argue that Petitioner "cannot meet his burden of showing that his detention has become unconstitutional as applied to him merely due to the length of his appeals process, particularly when there has been no indication that his detention has become inconsistent with the purpose of 8 U.S.C. § 1226(c)." (Answer at 7–8).

As a general matter, courts in this district have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See*, *e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Glennis H.*, 2019 WL 2866069, at *3 (21 months); *Pryce v. Green*, No. 18-3501, 2019 WL 2118785 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden*, *Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *Carlos L. C. v. Green*, 2019 WL 1110388, at *3 (D.N.J. Mar. 11, 2019) (27 months); *but see Selvin M. R. v. Green*, 2019 WL 981651, at *3 (D.N.J. Feb. 27, 2019) (finding that detention for fourteen months that was largely the result of his own requests for continuances or other delays in his proceedings did not justify habeas relief).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for approximately 21 months, well beyond the one-year discussed in *Chavez-Alvarez*. Having undertaken the fact sensitive inquiry as delineated in *Diop* and *Chavez-Alvarez*, the Court finds that Petitioner's 21-month detention in

8

two correctional facilities, with no evidence or even allegation of Petitioner's bad faith in his underlying immigration proceedings and, at best, one month of that detention attributable to Petitioner's sole adjournment request, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. *See K.A,* 2018 WL 3742631, at *4; *Leslie*, 678 at 271 ("[t]o conclude that Leslie's voluntary pursuit of such challenges renders the corresponding increase in time of detention reasonable, would effectively punish Leslie for pursuing applicable legal remedies…"). That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the Government in § 1226(c) cases).

## III. CONCLUSION

For the foregoing reasons, the Petition is granted. An appropriate order accompanies this opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
